```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Brendan Melvin

   v.                                       Civil No. 09-cv-249-JD
                                                Opinion No. 2010 DNH 004

NextEra Energy Seabrook, LLC
f/k/a FPL Energy Seabrook, LLC

## O R D E R

Brendan Melvin filed a complaint against NextEra Energy Seabrook, LLC f/k/a FPL Energy Seabrook, LLC (hereinafter, "NextEra"), after NextEra fired him for poor judgment and violating the company's code of conduct. Melvin complains that NextEra's actions constituted wrongful termination and negligent infliction of emotional distress. NextEra moved to dismiss both claims.

### Standard of Review

When considering a motion to dismiss for "failure to state a claim upon which relief can be granted," under Federal Rule of Civil Procedure 12(b)(6), a trial court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007). "[T]o

survive a motion to dismiss, a complaint must establish 'a plausible entitlement to relief,'" Vernet v. Serrano-Torres, 566 F.3d 254, 258 (1st Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559, (2007)), and "must contain 'enough facts to raise a reasonable expectation that discovery will reveal evidence' supporting the claims." Fantini v. Salem State Coll., 557 F.3d 22, 26 (1st Cir. 2009) (quoting Bell Atlantic, 550 U.S. at 544). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, -- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

## Discussion

In his complaint, Melvin explains that he was employed at NextEra's nuclear power station in Seabrook, New Hampshire, first as a contracts supervisor and later as a "Manager Sourcing." On April 6, 2009, NextEra fired Melvin, allegedly for "poor judgment in a leadership role and violation of the Code of Conduct." Compl. ¶ 9. Melvin explains that this refers to the fact that he did not fire Michele Machula, one of Melvin's supervisees who worked in Cedar Rapids, Iowa, after she sent emails to coworkers containing vulgar language and sexual innuendos. Melvin states that he had no knowledge that Machula had done this, although he

admits that he received emails from Machula that "were intended as jokes." Compl. ¶ 13.

According to Melvin, NextEra also fired Machula on April 6, 2009. Melvin asserts that this was in retaliation for Machula's complaints regarding "unethical behavior by [a] co-worker." Compl. ¶ 15. Melvin complains that vulgar and sexual communications were "rampant" among NextEra employees, including executive management personnel, during the time when he and Machula were employed there. He claims that the communications were accepted by the management and that those who communicated in this fashion in the past were "never disciplined or terminated for such behavior." Compl. ¶ 16.

Melvin's complaint contains one count of wrongful termination and one count of negligent infliction of emotional distress. NextEra moves to dismiss both claims, arguing that Melvin does not and cannot state a claim upon which relief can be granted.

A. <u>Wrongful Termination</u>

Count I of Melvin's complaint alleges wrongful termination. Under New Hampshire law, the claim of wrongful termination exists as a judicially crafted exception to the common law doctrine of employment at will. See <u>Harper v. Healthsource New Hampshire,</u>

Inc., 140 N.H. 770, 774 (1996).  Under that doctrine, "hiring is presumed to be at will and terminable at any time by either party."  Monge v. Beebe Rubber Co., 114 N.H. 130, 132 (1974); see also MacDonald v. Tandy Corp., 796 F. Supp. 623, 626 (D.N.H. 1992).  It is not clear from what he has filed whether Melvin's employment was at-will.  This is significant because "wrongful termination [is] a cause of action by at-will employees against employers."  Cilley v. New Hampshire Ball Bearings, Inc., 128 N.H. 401, 405 (1986) (citing Monge, 114 N.H. at 133); see also Jordan v. Verizon New England, Inc., No. 05-cv-146-SM, 2005 WL 1568860, at *4 n.2 (D.N.H. July 5, 2005) (explaining that "wrongful termination [is] a cause of action available only to employees at will").  In order to give Melvin "the benefit of all reasonable inferences," the court will assume that his employment was at-will.  Ruiz, 496 F.3d at 5.

Under New Hampshire law, a wrongful termination claim has two elements.  In order to prevail, the plaintiff must establish "(1) [that] his termination was motivated by bad faith, retaliation or malice; and (2) that he was terminated for performing an act that public policy would encourage or for refusing to do something that public policy would condemn."  MacKenzie v. Linehan, 158 N.H. 476, 480 (2009) (citing Lacasse v. Spaulding Youth Ctr., 154 N.H. 246, 248 (2006)).

In its motion to dismiss, NextEra focuses on the second element of this two-pronged test, arguing that Melvin does not and cannot articulate any public policy that was violated.

In his complaint, Melvin alleges two grounds to meet the public policy requirement: NextEra's firing of Melvin with "no basis to terminate him" and "termination of Plaintiff for his failure to discipline and/or terminate Michele Machula when he had no knowledge of her alleged inappropriate . . . communications." Compl. ¶ 22.[1] Put more simply, Melvin argues that public policy does not condone NextEra's groundless firing of Melvin and would not condone Melvin's firing of Machula if he had no knowledge of her misdeeds, because the firing would be groundless.

Melvin's allegations do not support the public policy requirement. Melvin alleges that NextEra violated public policy by firing him with no basis to do so, but this was an act taken by NextEra, not by Melvin. The public policy prong of a wrongful

---

[1] In his objection to NextEra's motion to dismiss, Melvin argues that an additional act violated public policy: "terminating [Melvin] for failing to supervise or terminate a subordinate who engaged in inappropriate behavior . . . but [not terminating or reprimanding] other management employees who committed the same acts." Pl.'s Obj. ¶ 9. Even if he had raised this theory in his complaint, it would not suffice because the act was undertaken by NextEra, not Melvin. As discussed below, the public policy element may only be satisfied by acts performed by the employee, not the employer.

termination claim "pertains to the _employee's_ action," not the _employer's_. Scannell v. Sears Roebuck & Co., No. 06-cv-227-JD, 2006 WL 2570601, at *3 (D.N.H. Sept. 6, 2006) (emphasis in original) (citing Porter v. City of Manchester, 151 N.H. 30, 38 (2004)). Because the allegedly groundless firing was an action taken by NextEra, it cannot satisfy the public policy element of Melvin's wrongful termination claim.

Melvin also alleges that he was fired for failing to discipline Machula when he had no knowledge of her misdeeds, but he fails to state a public policy that would support this failure. "[A] plaintiff must articulate a public policy in order to make out a claim for wrongful termination." Short v. School Admin. Unit No. 16, 136 N.H. 76, 86 (1992); see also Duhy v. Concord General Mut. Ins. Co., No. 08-cv-192-JL, 2009 WL 1650024, at *11 (D.N.H. June 10, 2009) (granting summary judgment for defendant where plaintiff "failed to persuade the court that New Hampshire law recognizes the public policies she has suggested"). "Although ordinarily the issue of whether a public policy exists is a question for the jury, at times the presence or absence of such a public policy is so clear that a court may rule on its existence as a matter of law." Short, 136 N.H. at 84 (citation omitted). This case is one of those times. Melvin does not articulate any public policy whatsoever, stating merely that

NextEra's "termination of [him] for his failure to discipline and/or terminate Michele Machula . . . is a violation of public policy."[2]  Moreover, the court does not discern a public policy implicated by the circumstances.

In addition, to the extent Melvin argues that his employment was terminated because he disagreed with NextEra's allegedly selective enforcement of its policies or its management of his supervisory role, those matters, as alleged, also would not implicate a public policy.  See, e.g., MacKenzie, 158 N.H. at 481 (holding that an employee's disagreement "about whether his conduct violated [his employer's] rule . . . [is] not an act that public policy would protect"); Short, 136 N.H. at 84 ("[A]n employee's expression of disagreement with a management decision is not an act protected by public policy.")

---

[2] Melvin attempts to rectify this omission by stating in his objection to the motion to dismiss that "public policy would condemn . . . terminating a[n] employee on the basis of her alleged violations of company policy when Plaintiff had no knowledge of any violations and when other employees engaged in the same behavior which was condoned by NextEra."  Pls.' Obj. ¶ 2.  This is insufficient to save Melvin's case, however, because a motion to dismiss under Rule 12(b)(6) weighs the adequacy of the complaint only.  See Vernet, 566 F.3d at 258.  Moreover, this purported public policy is not the type of generalized policy that New Hampshire courts recognize.  See, e.g., Cloutier v. Great Atl. & Pac. Tea Co., Inc., 121 N.H. 915, 922 (1981) ("protecting [one's] employees" and "giv[ing] employees a day of rest"); MacKenzie, 158 N.H. at 480 ("truthfulness").

Therefore, because Melvin failed to allege facts that would support the public policy element of a wrongful termination claim, that claim is dismissed.

B.  Negligent Infliction of Emotional Distress

Melvin's second claim asserts that NextEra negligently inflicted emotional distress upon him.  "[A] plaintiff's serious emotional injury [must be] directly caused by [the] defendant's negligence."  Corso v. Merrill, 119 N.H. 647, 653 (1979).  "In order to recover for negligence, a plaintiff must show that there exists a duty, whose breach by the defendant causes the injury for which the plaintiff seeks to recover."  Manchenton v. Auto Leasing Corp., 135 N.H. 298, 304 (1992) (citations omitted); see also Waid v. Ford Motor Co., 125 N.H. 640, 643 (1984) (discussing, in the context of emotional distress inflicted upon third-party bystanders, that "[t]he duty to the bystander derives entirely from the duty of due care owed the injured loved one").

In his complaint, Melvin alleges that NextEra violated two duties it had to Melvin: the "duty to conduct a proper investigation" into the propriety of Melvin's actions or inactions before firing him and the duty not to terminate him without proof of some misbehavior on his part.  Compl. ¶ 25-26.  Melvin is incorrect; NextEra did not have any such duties.  Based

on the assumption that Melvin was an at-will employee, his employment could be terminated by NextEra at any time for any reason or no reason unless that termination constituted wrongful termination.  Therefore, the success of Melvin's second claim rises and falls with the success of his first, which fails.  <u>Cf. Gwyn v. Loon Mtn. Corp.</u>, No. 01-214-B, 2002 WL 1012929, at *6 (D.N.H. May 15, 2002) (reasoning that, where "plaintiffs rely on the same breaches of duties alleged in Counts I and II in framing Count[] III (for negligent infliction of emotional distress) . . ., Count[] III . . . cannot provide a basis for recovery unless plaintiffs prevail on one or more of the theories advanced in Counts I and II").

<u>Conclusion</u>

For the foregoing reasons, NextEra's motion to dismiss Melvin's complaint (document no. 6) is granted.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 6, 2010

cc:  David A. Anderson, Esquire
     Laurie A. Lacoste, Esquire
     Robert A. Shaines, Esquire