UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Brendan Melvin

    v.                                     Civil No. 09-cv-249-JD

NextEra Energy Seabrook LLC
f/k/a FPL Energy Seabrook LLC


O R D E R

Brendan Melvin sued NextEra Energy Seabrook, LLC f/k/a FPL Energy Seabrook, LLC (hereinafter, "NextEra"), alleging wrongful termination and negligent infliction of emotional distress. NextEra moved to dismiss both claims, and the court granted that motion on January 6, 2010. Melvin now moves for reconsideration of that order and for reversal of the judgment entered against him, on the grounds that the court overlooked or misapprehended part of his complaint.


Standard of Review

"[M]otions for reconsideration are appropriate only in a limited number of circumstances:  if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was

clearly unjust."[1]  United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).  In addition, reconsideration may be appropriate "if the court has patently misunderstood a party or has made an error not of reasoning but apprehension."  Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 82 (1st Cir. 2008) (internal quotation marks omitted).

## Discussion

Melvin argues that the court overlooked paragraph 15 of his complaint, which stated, "Plaintiff asserts, upon information and belief, that Michele Machula was terminated in retaliation for her complaints to [NextEra]'s Human Resources Department concerning unethical behavior by [a] co-worker."  He now contends in his motion for reconsideration that "he was wrongfully accused of failing to supervise Ms. Machula as part of FPL's retaliation against Ms. Machula for apparent whistle blower activity."  Pl.'s Motion at 1.  Melvin asserts that public policy, codified in New Hampshire's Whistleblowers' Protection Act, would not condone "tolerat[ion] and perpetuat[ion] [of] such retaliation."  Id. at 2.

---

[1] Although Melvin does not explain whether he seeks reconsideration under Federal Rule of Civil Procedure 59(e) or Rule 60(b), he states the standard for the former.  Therefore the court will treat it as such.

2

In essence, Melvin attempts to rewrite his complaint in order to satisfy the second prong of a wrongful termination claim under New Hampshire law.  He is trying to show "that he was terminated for performing an act that public policy would encourage or for refusing to do something that public policy would condemn."  MacKenzie v. Linehan, 158 N.H. 476, 480 (2009) (citing Lacasse v. Spaulding Youth Ctr., 154 N.H. 246, 248 (2006)).

Melvin's argument fails because he did not make any of these allegations in his complaint.  In his complaint, he alleged that his termination was wrongful because NextEra fired him

> on the basis of his failure to supervise Ms. Machula when the company knew that [he] did not work in the same facility as Ms. Machula, that he was unable to supervise Ms. Machula's verbal and email communications with other employees, and was unaware that she was sending allegedly inappropriate emails to and/or allegedly using inappropriate language when speaking to other employees in violation of company policy.

Compl. at ¶ 17.  In Count I of the complaint, Melvin reiterated that NextEra terminated him "on the basis that [he] failed to supervise Michele Machula's verbal and email communications with other [NextEra] employees."  Compl. at ¶ 21.  At no point in his complaint did Melvin allege that he committed any act that public policy supports or that he refused to do anything that public policy would condemn, or that he was fired for any reason other

than because he failed to supervise Machula properly.  Melvin was required to establish "a plausible entitlement to relief" in his complaint.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007).  He did not satisfy this burden, and therefore dismissal under Federal Rule of Civil Procedure 12(b)(6) was appropriate.  The court will not reconsider its order based on Melvin's attempts to rewrite his complaint.

### Conclusion

For the foregoing reasons, Melvin's motion for reconsideration (document no. 10) is denied.

SO ORDERED.

　　　　　　　　　　　　　　　　／s／ Joseph A. DiClerico, Jr.
　　　　　　　　　　　　　　　　Joseph A. DiClerico, Jr.
　　　　　　　　　　　　　　　　United States District Judge

February 10, 2010

cc:   David A. Anderson, Esquire
　　　Laurie A. Lacoste, Esquire
　　　Robert A. Shaines, Esquire