UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Brendan Melvin</u>


     v.                       Civil No. 09-cv-249-JD
                                   Opinion No. 2010 DNH 078

<u>NextEra Energy Seabrook LLC</u>
<u>f/k/a FPL Energy Seabrook LLC</u>


<u>O R D E R</u>

Brendan Melvin sued NextEra Energy Seabrook, LLC f/k/a FPL Energy Seabrook, LLC (hereinafter, "NextEra"), alleging wrongful termination and negligent infliction of emotional distress.  On January 6, 2010, NextEra's motion to dismiss both counts was granted.  Melvin moved for reconsideration, which was denied.  Melvin now moves for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6), and for leave to file an amended complaint.


<u>Background</u>

In his complaint, Melvin brought one count of wrongful termination and one count of negligent infliction of emotional distress against his former employer.  Melvin asserted that he was fired for failing to discipline one of his subordinates, Michele Machula, after she allegedly sent vulgar emails to her

coworkers.  The complaint was dismissed for failure to state a
claim upon which relief could be granted, because Melvin did not
allege that he was terminated either for performing an act that
public policy encourages or for refusing to do something that
public policy condemns.

        In his proposed amended complaint, Melvin's factual
allegations remain essentially the same, but he adds a third
count, for "wrongful termination for retaliation and for
violation of public policy: [New Hampshire] Whistle Blower
Protection Act, RSA 275-E and applicable federal law."  In
support of that claim, Melvin asserts that Machula was fired in
retaliation for complaining to NextEra about the unethical
behavior of a co-worker.  Melvin asserts that, although NextEra's
professed reason for firing him was his failure to supervise
Machula, that explanation is merely pretext.  Melvin alleges that
NextEra's real reason for firing him was to retaliate for
Machula's complaints about her co-worker.

Standard of Review

        Federal Rule of Civil Procedure 60(b)(1) and (6) allows a
court to "relieve a party . . . from a final judgment, order, or
proceeding" for "mistake, inadvertence, surprise, or excusable
neglect," or "any other reason that justifies relief."  Success

2

under Rule 60(b) "requires more than merely casting doubt on the correctness of the underlying judgment." <u>Fisher v. Kadant, Inc.</u>, 589 F.3d 505, 512 (1st Cir. 2009).  "Rather, Rule 60(b) relief is extraordinary in nature and, thus, motions invoking that rule should be granted sparingly." <u>Id.</u> (internal quotation marks omitted).  The party seeking relief "must demonstrate at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." <u>Id.</u> (quotation marks omitted).

<u>Discussion</u>

As grounds for his motions, Melvin states that, in his complaint, he inadvertently failed to specify that his wrongful termination claim was based on a violation of the New Hampshire Whistleblowers' Protection Act.  This "inadvertence," he argues, is grounds for relief from judgment and for allowing him to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).

NextEra argues that Melvin never explains why he failed to allege his wrongful termination claim properly, and that it is

therefore inexcusable.  NextEra also contends that Melvin's
motion to amend his complaint should be denied because the
amendment is futile.  According to NextEra, Melvin does not say
that he took any action against which NextEra retaliated, and the
New Hampshire statute only forbids retaliation against the
employee who reported a violation, not any other employee.
Similarly, because Melvin cannot mount a potentially meritorious
claim, NextEra argues, the motion for relief from judgment should
be denied.[1]


A.    Relief From Judgment

       Melvin offers no explanation for why he failed to allege a
colorable cause of action in his original complaint.  He also
does not explain why he did not seek to amend his complaint while
the case was pending, that is, after NextEra correctly pointed
out that the complaint failed to state a claim upon which relief
could be granted.  Because Melvin has not explained his
inadvertence or shown any exceptional circumstances to justify

---

       [1]NextEra also requests attorneys' fees in opposing Melvin's
motions for relief from judgment and for leave to amend the
complaint.  Local Rule 7.1(a)(1) requires that objections to
pending motions and affirmative motions for relief be filed
separately.  NextEra's request for attorneys' fees is denied.

relief, he is not entitled to it.[2]  See Aguiar-Carrasquillo v.
Agosto-Alicea, 445 F.3d 19, 28 (1st Cir. 2006) ("'excusable
neglect' is a fairly flexible concept that encompasses
inadvertence") (citing Pioneer Inv. Serv. Co. v. Brunswick
Assoc., 507 U.S. 380, 388 (1993)); United States v. $23,000 in
U.S. Currency, 356 F.3d 157, 164 (1st Cir. 2004) ("ignorance of
the rules, or mistakes construing the rules do not usually
constitute 'excusable' neglect," and "the reason-for-delay factor
will always be critical to the inquiry"); Castellanos-Bayouth v.
Puerto Rico Bar Ass'n, 508 F. Supp. 2d 146, 149 (D.P.R. 2007)
(party who cited his own mistake, rather than the court's, and
who did not explain why his neglect was excusable, was not
entitled to relief).

Even if Melvin had provided an explanation for his
inadvertence, or described exceptional circumstances that
warranted granting relief, his motion would still be denied
because he does not have a potentially meritorious claim.  As

---

[2]Although Melvin states that he brings his motion pursuant
to both subsections (1) and (6) of Rule 60(b), "a defendant
cannot use Rule 60(b)(6) to obtain relief on a ground that comes
within Rule 60(b)(1)."  Ungar v. Palestine Liberation Org., ---
F.3d ----, 2010 WL 1078352, at *4 (1st Cir. Mar. 25, 2010)
(construing Claremont Flock Corp. v. Alm, 281 F.3d 297, 300 (1st
Cir. 2002).  Because Melvin's request for relief was based on his
claimed "inadvertence," the motion falls squarely within Rule
60(b)(1), and Rule 60(b)(6) will not be considered.

explained in the order denying Melvin's motion for
reconsideration, in order to establish a wrongful termination
claim under New Hampshire law, Melvin must allege that he did
something that public policy supports or refused to do something
that public policy condemns.  His proposed amended complaint does
not add any new factual allegations that Melvin <u>did</u> anything or
<u>refused</u> to do anything.  Melvin simply adds a reference to the
Whistleblower Protection Act, which forbids employers from firing
"any employee . . . because <u>the employee</u>, in good faith, reports
or causes to be reported . . . what the employee has reasonable
cause to believe is a violation of any law or rule."  N.H. RSA §
275-E:2 (emphasis added).  Melvin does not allege that he did
anything that is protected by RSA 275-E:2 or that is otherwise
encouraged by public policy, so his proposed amendments to his
complaint are futile.


B.    <u>Amending the Complaint</u>

     Because his motion for relief from judgment is denied,
Melvin's motion to amend his complaint must also be denied.
Where "a motion to amend is filed <u>after</u> the entry of judgment,
the district court lacks authority to consider the motion under
Rule 15(a) unless and until the judgment is set aside."  <u>Fisher</u>,
589 F.3d at 508 (emphasis in original).  This is because, "once

6

judgment has entered, the case is a dead letter, and the district court is without power to allow an amendment to the complaint because there is no complaint left to amend."  Id. at 509.

## Conclusion

For the foregoing reasons, Melvin's motion for relief from judgment (doc. no. 13) and his motion for leave to file an amended complaint (doc. no. 14) are denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

May 5, 2010

cc:  David A. Anderson, Esquire
     Laurie A. Lacoste, Esquire
     Robert A. Shaines, Esquire